# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Barry W.,**
**Petitioner Below, Petitioner**

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0214** (Mercer County 16-C-32-DIV 3)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Barry W.,[1] pro se, appeals the February 17, 2016, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Nic Dalton, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was tried in a four-day jury trial, beginning December 7, 2001, at the conclusion of which he was found guilty of thirty-one counts of first degree sexual assault and seventy-three counts of sexual abuse by a custodian.[2] After his convictions, petitioner was sentenced to indeterminate terms of fifteen to thirty-five years of incarceration on each of the thirty-one counts

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The minor victims were ages ten, eight, six and four at the time of an August 1, 2001, pretrial hearing, approximately two years after the alleged criminal conduct.

1

of first degree sexual assault and indeterminate terms of ten to twenty years of incarceration on each of the seventy-three counts of sexual abuse by a custodian. Four of the fifteen to thirty-five year counts and four of the ten to twenty year counts were ordered to run consecutively. Petitioner appealed his convictions, which this Court refused on May 13, 2013.

On November 30, 2005, petitioner filed a petition for writ of habeas corpus alleging seven grounds for relief: (1) ineffective assistance of counsel relative to the testimony of play therapist Phyllis Hasty and Dr. George Wallace, who examined at least two of the children; (2) a violation of the right of confrontation relative to the testimony of Ms. Hasty and Dr. Wallace; (3) ineffective assistance of counsel related to a portion of Ms. Hasty's testimony; (4) ineffective assistance of counsel related to defense counsel eliciting testimony regarding petitioner's prior conviction for manslaughter without a cautionary or limiting instruction; (5) ineffective assistance of counsel related to defense counsel eliciting testimony regarding petitioner's wife's conduct with the children, the termination of her parental rights, and failing to request a cautionary instruction;[3] (6) a violation of due process related to the use of jailhouse inmates; and (7) ineffective assistance of counsel based on the failure to properly investigate or conduct discovery. That habeas petition included a *Losh* checklist with a number of additional grounds checked.[4] The circuit court denied the petition on January 20, 2006, without holding a hearing. Petitioner appealed the circuit court's denial of habeas relief, which this Court refused on September 7, 2006.

On September 13, 2007, petitioner filed a federal habeas petition in the United States District Court for the Southern District of West Virginia. The parties agreed to stay petitioner's federal habeas action to allow petitioner to file an "addendum" to the habeas petition that was denied by the circuit court on January 20, 2006. Petitioner filed his addendum in the circuit court on July 13, 2010. The circuit court appointed habeas counsel to represent petitioner and permitted discovery. Several depositions were taken, including that of petitioner's expert, Dr. Bobby Miller.

In addition to petitioner's challenge to Ms. Hasty's testimony, petitioner also claimed misconduct by the assistant prosecutor, prejudice from how the indictment was explained to the jury during the State's opening statement, and faulty jury instructions. In its April 26, 2012, order denying habeas relief, the circuit court rejected petitioner's grounds for relief and further found that petitioner made several challenges to the validity of the indictment during pretrial, including the contention that it failed to give him adequate notice of the charges against him. The circuit court further found that petitioner's challenges to the indictment were unsuccessful and that, at the close of the State's case-in-chief, there was sufficient evidence to allow the numerous counts to go to the jury, which found petitioner guilty beyond a reasonable doubt. Petitioner appealed the circuit court's April 26, 2012, order to this Court, which affirmed the denial of habeas relief in *Barry W. v. Ballard*, No. 12-0795, at 4 (W.Va. Supreme Court, June 24, 2013) (memorandum decision).

---

[3]Petitioner was married to the minor victims' mother. He was their step-father.

[4]*See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981).

Petitioner filed the instant habeas petition and a motion for appointment of counsel on February 3, 2016. He alleged that the following "sub-grounds" of the issues in his prior habeas petition were neither sufficiently raised nor adequately discussed with him by his attorney during those proceedings: (1) that Ms. Hasty's testimony was improper; (2) that the jury instructions failed to instruct the jury as to each essential element of the offenses charged in the indictment; (3) that the assistant prosecutor confused the grand jury when she presented the case, which led to invalid counts of the indictment; and (4) that the charges set forth in the indictment regarding the victim, D.H., were invalid. By order entered February 17, 2016, the circuit court denied habeas relief and petitioner's motion for appointment of counsel, reasoning, as follows:

> Reviewing the factual summaries in support of the sub-grounds in the instant proceeding, the Court **FINDS** that the Petitioner previously raised these grounds in the prior proceedings, or which with reasonable diligence could have been known and raised; therefore, the Court **CONCLUDES** that all of the claims, as now asserted, are *res judicata* for purposes of any subsequent hearing.

Petitioner now appeals the circuit court's February 17, 2016, order denying his habeas petition and motion for appointment of counsel. On March 1, 2016, petitioner filed a motion for appointment of counsel with this Court. By scheduling order entered April 28, 2016, we deferred ruling on that motion. We will now address petitioner's motion for appointment of counsel together with the merits and the circuit court's denial of the earlier request for appointment of counsel.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

> A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: (1) ineffective assistance of counsel at the omnibus habeas corpus hearing . . . .

On appeal, petitioner contends that the circuit court erred in declining to appoint counsel and to hold a habeas hearing prior to its denial of the instant petition and motion for appointment of counsel. Respondent counters that the circuit court correctly found that the petition was barred by the doctrine of res judicata as set forth in syllabus point four of *Losh*. We agree with respondent and find that the instant petition is an impermissible successive habeas petition.

In so finding, we reject petitioner's contention that his attorney in the prior habeas proceeding was ineffective. We note that claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Petitioner alleges that his habeas attorney neither sufficiently raised nor adequately discussed with him the following sub-grounds of the issues advanced in the earlier proceeding: (1) that Ms. Hasty's testimony was improper; (2) that the jury instructions failed to instruct the jury as to each essential element of the offenses charged in the indictment; (3) that the assistant prosecutor confused the grand jury when she presented the case, which led to invalid counts of the indictment; and (4) that the charges set forth in the indictment regarding the victim, D.H., were invalid. First, we find that petitioner persistently sought to show that the circuit court erred in admitting Ms. Hasty's testimony at trial. To that end, in the prior habeas proceeding, an expert was retained to "further undermine[ ] the trial testimony of the State's expert play therapist." *Barry W.*, at 3. We find that the denial of habeas relief in the previous proceeding, notwithstanding the retention of an expert witness, fails to show that habeas counsel was ineffective.

With regard to the jury instructions, we find that petitioner's habeas attorney raised this issue sufficiently enough that the circuit court felt compelled to review the record to check for error. The circuit court found that "[f]rom the trial transcript, it appears . . . that . . . [p]etitioner's trial counsel and the State were able to agree on a number of instructions, and that the trial court was more than amenable to permit other limiting instructions on [petitioner's] behalf . . ., without objection by the State." *Id.* at 67.[5] Accordingly, the circuit court concluded that petitioner "failed to prove this claim" in a decision that we subsequently affirmed in *Barry W. Id.* at 5 and 67.

We further find that misconduct by the assistant prosecutor and a confusing presentation of the charges set forth in the indictment were also claims made in the prior habeas proceeding. In the instant habeas petition, petitioner changed the focus of these arguments to allege that there was misconduct in the way the assistant prosecutor presented the charges to the grand jury to such an extent that an invalid indictment was returned as to the charges relating to D.H., one of the victims. However, in the previous proceeding, the circuit court found that petitioner challenged the validity of the indictment as far back as the pretrial stage of his criminal case. The circuit court further found that petitioner's challenges to the indictment were unsuccessful and that, at the close of the State's case-in-chief, there was sufficient evidence to allow the numerous counts to go to the jury, which found petitioner guilty beyond a reasonable doubt. We find that these findings by the circuit court demonstrate that the claims alleged in the instant petition were either raised or capable of being raised in the prior habeas proceeding. Indeed, we find that the circuit court's prior findings

---

[5]In our memorandum decision in *Barry W.*, we adopted and incorporated the circuit court's April 26, 2012, order denying petitioner's prior habeas petition given its "well-reasoned findings and conclusions." *Id.* at 4.

4

adequately show that petitioners' instant claims with regard to the indictment's validity are without merit and that he did not suffer any prejudice from the way the assistant prosecutor presented the case to the grand jury. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's instant habeas petition.

Finally, given that the circuit court properly denied petitioner's habeas petition, we further conclude that it did not err in denying the motion for appointment of counsel filed with his petition. *See* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) (holding that court having jurisdiction over habeas corpus proceedings may deny petition for writ of habeas corpus without hearing and without appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief"); s*ee also* W.Va. Code § 53-4A-3(a) (same). We deny the motion for appointment of counsel filed in this Court for the same reason. *See* West Virginia Code § 53-4A-4(a) (providing that, with regard to appointment of appellate counsel, "[i]f it is determined that . . . review is being sought or prosecuted in bad faith or the grounds assigned therefor are without merit or are frivolous, the request . . . for the appointment of counsel shall be denied").[6]

For the foregoing reasons, we affirm the circuit court's February 17, 2016, order denying petitioner's petition for a writ of habeas corpus and motion for appointment of counsel.

Affirmed.

**ISSUED**: February 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[6]Both West Virginia Code §§ 53-4A-3(a) and -4(a) constitute provisions of the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 through -11.